**FRUIT SALAD, INC., and Flavor Fresh of N. H., Inc., Petitioners,**

v.

**SECRETARY OF AGRICULTURE, Respondent.**

**No. 71–1235.**

United States Court of Appeals, First Circuit.

Heard Nov. 1, 1971.

Decided Nov. 18, 1971.

Harold Lavien, Boston, Mass., with whom Henry Gesmer and Brown, Rudnick, Freed & Gesmer, Boston, Mass., were on brief, for petitioners.

Judith S. Feigin, Atty. Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen. and Alan S. Rosenthal, Atty. Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, BREITENSTEIN, Senior Circuit Judge,* and McENTEE, Circuit Judge.

PER CURIAM.

This case arises under the Perishable Agricultural Commodities Act, 46 Stat. 531 et seq., 7 U.S.C. §§ 499a–499s. The petitioners are two commodity dealer corporations. They attack the finding of the Department of Agriculture that Charles and Philip Gangi and Charles A. Torrisi, hereinafter the officers, are ineligible for affiliation or employment with them by reason of having been, within the meaning of the statute, "responsibly connected" with another dealer, Joseph Gangi & Sons, Inc., hereinafter Gangi, Inc., which had been found to

* Of the Tenth Circuit, sitting by designation.

have committed repeated and flagrant violations of the act.

The facts are not disputed. The Department issued reparation orders against Gangi, Inc., on October 16 and 17, 1969. Reparations not having been paid pursuant to these orders, Gangi, Inc.'s license was automatically suspended by operation of law on November 21, 1969. Without having paid these reparations, and while the suspension was still in effect, Gangi, Inc. went into bankruptcy on March 11, 1970. It therefore never renewed its license, which expired by its own terms on May 23, 1970. The Department on April 8, 1970, granted the officers permission to work for petitioners. On June 4, 1971, the Department issued an order finding that Gangi, Inc.'s failure to make full and prompt payment for 436 lots of fruits and vegetables, with a total value of more than $117,000, constituted willful, flagrant and repeated violations of the act. It then advised both petitioners that, in view of this order, section 499h(b) made the officers ineligible for employment with them or any other commodity dealer at least until June 15, 1972.

Petitioners' only claim is that this sanction cannot be applied in this case because of a provision barring its application "to any case in which the license of the person found to have committed such violation was suspended and the suspension period has expired or is not in effect." 7 U.S.C. § 499h(b) (2). They argue that when Gangi, Inc.'s license expired by its own terms, the suspension also necessarily expired since there was no longer anything to suspend. Petitioners base their argument solely on the language of the section, ignoring both its purposes and its place in the statutory scheme.

The manifest purpose of the exception is to permit the Department of Agriculture to decide that the proper sanction for some flagrant and repeated violations is suspension without thereby automatically precluding responsible officials of the violator from employment for the one-year minimum penalty. That purpose will not support the application of the exception to cases where the original suspension was not the Department's choice of sanction for flagrant and repeated violations of the act, but was, rather, an automatic suspension for failure to pay reparation awards under section 499g(d) which would still be in effect but for the fortuity that the delinquent dealer's license has since expired. To bar the Department from applying the section 499h(b) sanction, when it finds that the misconduct was part of a series of repeated and flagrant violations, because of the happenstance that the dealer had first been found liable for reparations and had then gone out of business, would insulate the officers of the dealer from the consequences of their serious misconduct. The insulation would be complete in cases, such as this one, where the first licensee was able to terminate liability for the reparations by declaring bankruptcy. This is precisely the situation when the misconduct may be regarded as having been the most serious. Whatever may be the meaning of the section 499h(b) (2) reference to a suspension which "has expired or is not in effect," we cannot read it as referring to a suspension, such as the one at bar, which would still be in effect but for the fortuitous circumstance of the expiration of the suspended license itself.

Affirmed.